**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

Steven M. Weinberg, SBN 016817, WeinbergS@gtlaw.com
Kimberly A. Warshawsky, SBN 022083, WarshawskyK@gtlaw.com
Attorneys for Plaintiff Solaris Pharmaceuticals, Inc.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Solaris Pharmaceuticals, Inc., a Canadian corporation,<br><br>Plaintiff,<br><br>v.<br><br>Edward S., an individual, G.B.Y. Group Limited, a Malasian company, and Pivotal Partners, Inc., a Canadian corporation,<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>**(Cybersquatting Under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), Common Law Trademark Infringement, Common Law Unfair Competition)**<br><br>**(Jury Trial Demanded)** |

Plaintiff Solaris Pharmaceuticals, Inc. ("Solaris" or "Plaintiff"), by and through undersigned counsel, and for its Complaint against Defendants Edward S., G.B.Y. Group Limited, and Pivotal Partners, Inc. (collectively, "Defendants"), states as follows:

### SUMMARY OF ACTION

1.   This is an action brought pursuant to the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) and for common law trademark infringement and unfair competition pursuant to the laws of the State of Arizona. Solaris is the owner of the common law trademark MEDISAVE (the "MEDISAVE Mark"), and is a leading provider of online pharmaceuticals in Canada and the United States. Solaris, based in British Columbia, Canada, operates its international retail pharmacy primarily through the domain names <medisave.ca>, <candrug.com>, and <canadadrugsonline.com>, and has

otherwise spent substantial sums advertising its MEDISAVE Mark. Notwithstanding Solaris' rights to the MEDISAVE Mark, and despite having no legitimate reason to do so, Defendants have registered and are using the domain name <www.medisave.com> (the "Infringing Domain Name") in connection with their online pharmaceutical company in direct competition with Plaintiff. Defendants' use of Solaris' MEDISAVE Mark in its <www.medisave.com> domain name for a competitive service offered to an overlapping customer demographic constitutes a violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) and is trademark infringement and unfair competition under the common laws of the State of Arizona.

## PARTIES AND VENUE

2. Plaintiff Solaris Pharmaceuticals, Inc. is a Canadian corporation having its principal place of business at 1364 Cliveden Avenue, Delta, British Columbia, Canada V3M 6K2. Operating under the name Medisave, Solaris has become a leading online source of pharmaceuticals in the United States and Canada (the "Medisave Business").

3. Upon information and belief, Defendant Edward S. is resident of Malta, and is the registrant of record of the Infringing Domain Name <www.medisave.com>.

4. By registering the Infringing Domain Name with GoDaddy.com, Inc., Defendant Edward S. expressly consented to the jurisdiction of this Court for the adjudication of any disputes concerning the use of the Infringing Domain Name.

5. By purchasing a "privacy service" from Domains By Proxy, Inc., an affiliate of GoDaddy.com, Inc., Defendant Edward S. purposely availed himself of the benefits of doing business in Arizona.

6. Upon information and belief, Defendant G.B.Y. Group Limited ("GBY") is a Maltese corporation having its principal place of business at 52 Victory Street, Qormi 06, Malta. Upon further information and belief, GBY is one of the beneficial owners of

PHX 327708895v1 11/20/2006

the Infringing Domain Name, and, as a result of such beneficial ownership, has also consented to the jurisdiction of this Court for all disputes concerning the use of the Infringing Domain Name.

7.   Upon information and belief, Defendant Edward S. is the administrative contact for GBY.

8.   By and through the actions of its agent Edward S., Defendant GBY has purposefully availed itself of the benefit of doing business in Arizona.

9.   Defendant Pivotal Partners, Inc. ("Pivotal Partners") is a Canadian corporation having its principal place of business in Surrey, British Columbia, Canada. Upon information and belief, Defendant Pivotal Partners is also a beneficial owner of the Infringing Domain Name, and, as a result of such beneficial ownership, has also consented to the jurisdiction of this Court for all disputes concerning the use of the Infringing Domain Name . Upon further information and belief, and as described in detail below, Defendant Pivotal Partners has conspired with Defendants Edward S. and GBY regarding the use of the Infringing Domain Name, and is therefore subject to the jurisdiction of this Court.

10.   Upon further information and belief, Defendant Pivotal Partners has purposefully availed itself of the benefit of doing business in Arizona by actually transacting business in this State.

11.   This Court has subject matter jurisdiction under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b). This Court also has supplemental jurisdiction over the state law claims included herein pursuant to 28 U.S.C. § 1367, as such claims are so related to the claims over which this Court has original jurisdiction that they form part of the same case or controversy.

PHX 327708895v1 11/20/2006

12. Pursuant to the Defendants' agreement with GoDaddy.com, Inc., venue is proper in this District.

### FACTUAL ALLEGATIONS

#### Plaintiff's Well-Known Services and the MEDISAVE Mark

13. Plaintiff Solaris was incorporated on May 17, 2002 under the name Candrug Health Solutions, Inc. Solaris is an international retail pharmacy.

14. Since the inception of its business operations in May 2002, Solaris has developed and maintained a reputation for high quality standards in the conduct of its pharmacy operations. Solaris is licensed by the Canadian International Pharmacy Association, is certified by Pharmacy Checker, and is a member of the International Pharmacy Association of British Columbia.

15. Solaris currently operates its international retail pharmacy on the Internet, using three domain names: <medisave.ca>, <candrug.com>, and <canadadrugesonline.com> (collectively, "Solaris' domain names"). Each of Solaris' domain names were registered on May 5, 2002.

16. Solaris launched its online retail pharmacy business in January 2003.

17. Solaris adopted its MEDISAVE Mark, and the Medisave trade name (collectively, the "MEDISAVE Marks") in Janaury 2003. Solaris has used its MEDISAVE Marks continuously in interstate commerce in connection with its retail pharmaceutical business since January 2003.

18. Solaris' Medisave Business is advertised on its website for which <medisave.ca> is the domain name. Solaris registered its <medisave.ca> domain name in May 2002.

19. Solaris has engaged in extensive national and international advertising on the Internet, in local newspapers, and on local radio stations in the United States. Solaris

1  has also developed search engine optimization strategies to maximize its visibility on the
2  Internet.
3      20.   Solaris has spent considerable sums developing, maintaining, and upgrading
4  its <medisave.ca> website.
5      21.   As a result of its highly competitive pricing, superior customer service, and
6  extensive advertising, Solaris' Medisave Business has become a recognized leader in the
7  online pharmacy industry.
8      22.   The MEDISAVE Marks have therefore come to represent Solaris'
9  significant good will and recognition as a leading source of online pharmaceuticals in the
10 industry and with consumers in the United States and Canada.

### Defendants' Unlawful and Infringing Activities

23. In or about October 2005, Solaris discovered that the Infringing Domain Name <medisave.com> was linked to the website <canadadrugs.com>. Upon information and belief, the <canadadrugs.com> domain name was owned and operated by one of Solaris' competitors operating under the trade name "CanadaDrugs.com."

24. In or about January 2006, Solaris discovered that the Infringing Domain Name <medisave.com> was being used to advertise and provide links to six different online pharmacy websites, including the CanadaDrugs.com website, as well as three websites owned by Defendant Pivotal Partners.

25. Defendant Pivotal Partners is a competitor of Plaintiff's, and purports to supply online pharmaceuticals to consumers.

26. Upon information and belief, Defendant Pivotal Partners controls, or is otherwise affiliated with, Defendant GBY.

27. Defendant Edward S., the administrative contact for Defendant GBY, is the registrant of record for the Infringing Domain Name.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

PHX 327708895v1 11/20/2006

28. Defendants Pivotal Partners, Edward S., and GBY are using the Infringing Domain Name in, or for the benefit of, online pharmacy businesses that directly compete with Solaris.

29. Defendants are not affiliated with Solaris, and, as a result, are not authorized to use the MEDISAVE Marks.

30. Defendants have no legitimate reason to use Solaris' MEDISAVE Marks in connection with their competitive online retail pharmaceutical companies.

31. Defendants have no legitimate reason to use Solaris' MEDISAVE Marks in connection with their competitive businesses.

32. Defendants' use of the Infringing Domain Name, which consists of the MEDISAVE Mark in its entirety, results in the likelihood that consumers will mistakenly believe that Defendants are associated with Solaris.

33. Defendants' conduct was and is intentional and willful and designed to unlawfully misappropriate Solaris' good will and reputation and to unfairly divert to the Defendants business intended for Solaris.

34. Defendants have failed and refused to discontinue their use of the Infringing Domain Name, notwithstanding Solaris' demand that they do so.

35. Defendants began linking the Infringing Domain Name to a website owned and operated by Medisave UK after Solaris notified one or more Defendants of the instant dispute. Defendants' current use of the Infringing Domain Name is pretextual and is designed to frustrate Solaris' efforts to protect its MEDISAVE Marks.

36. Defendants' acts are causing Solaris irreparable harm for which it has no adequate remedy at law.

PHX 327708895v1 11/20/2006

## COUNT I

### Cybersquatting Under the Anticybersquatting Consumer Protection Act
### (15 U.S.C. § 1125(d))

37. Solaris reallages and incorporates by reference paragraphs 1 through 36 as if fully set forth herein.

38. Upon information and belief, the Infringing Domain Name is identical or confusingly similar to that MEDISAVE Mark, which was distinctive at the time of registration of the Infringing Domain Name.

39. Upon information and belief, Defendants adopted the Infringing Domain Name with a bad faith intent to profit from the MEDISAVE Mark.

40. Upon information and belief, Defendants provided false contact information when applying for the registration of the Infringing Domain Name in an effort to further conceal their true identities.

41. Defendants' use of the Infringing Domain Name has caused, and is likely to continue to cause, harm to Solaris' good will and reputation.

42. Defendants' actions were willful, and Solaris has no adequate remedy at law. Solaris therefore seeks an Order from the Court transferring the Infringing Domain Name to Solaris.

43. Defendants' activities as alleged herein constitute a violation of the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

44. Because of Defendants' willful and intentional actions, Solaris has incurred attorneys' fees and costs.

45. Because of Defendants' willful and intentional actions, Solaris has been damaged in an amount to be proven at trial.

## COUNT II
### Common Law Trademark Infringement and Unfair Competition

46. Solaris realleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

47. Defendants' use of the Infringing Domain Name and for its directly competitive services is likely to cause confusion with Solaris' MEDISAVE Mark.

48. Defendants' conduct constitutes unfair competition in that their use of the Infringing Domain Name for their directly competitive services creates the false and misleading impression that Defendants' services are authorized or sponsored by or are associated with Solaris.

49. By reason of the foregoing activities, Defendants have violated and infringed Solaris' common law rights in its MEDISAVE Marks, and have otherwise competed unfairly with Solaris in violation of the common law of the State of Arizona.

50. Upon information and belief, all of Defendants' acts were and are intentional and willful.

51. Defendants' acts have damaged Solaris and, unless enjoined, will continue to damage and cause irreparable injury to Solaris' reputation and goodwill. Solaris has no adequate remedy at law.

### RELIEF REQUESTED

WHEREFORE, Plaintiff Solaris Pharmaceuticals, Inc. prays for judgment against Defendants Edward S., GBY, and Pivotal Partners as follows:

(a) That Defendants and their respective agents, representatives, servants, employees, attorneys, officers, directors, shareholders, licensees, affiliates, joint venturers, parents, subsidiaries, related corporations and all others in privity or acting in concert with them be preliminarily and permanently enjoined from:

        (i)     Using, linking to, transferring, selling, exercising control over, or otherwise owning the Infringing Domain Name <medisave.com>, or any other domain name or trademark or service mark that incorporates, in whole or in part, Solaris' MEDISAVE Marks;

        (ii)    Using false representations or descriptions in commerce or using false designations of origin that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or as to the origin, sponsorship, or approval of Defendants' services by Plaintiff;

        (iii)   Otherwise infringing the MEDISAVE Marks;

        (iv)   Unfairly competing with Plaintiff or otherwise injuring its business reputation in any manner; and

(b)     That Defendants be ordered to transfer the Infringing Domain Name <medisave.com> to Plaintiff;

(c)     That Defendants be directed to deliver up for destruction all printed and electronically stored materials in their possession or under their control bearing all or part of the MEDISAVE Marks, and all plates, molds, matrices, and other means of making or duplicating the same;

(d)     That Defendants account and pay to Plaintiff damages in an amount sufficient to compensate it fairly for the injury it sustained, plus all profits that are attributable to the Defendants' use of the Infringing Domain Name and Plaintiff's MEDISAVE Marks in the promotion, advertising, and sale of Defendants' goods and services, and further that the amount of the monetary

-9-

award by trebled in view of the willful and deliberate nature of Defendants' unlawful conduct;

(e) That Defendants be required to pay to Plaintiff an amount of money for Plaintiff to effectively engage in a corrective advertising campaign to undo the damage to its business caused by Defendants;

(f) That Defendants be required to pay to Plaintiff statutory damages in an amount not less than $100,000 pursuant to the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);

(g) That Defendants be ordered to pay Plaintiff its attorneys' fees and costs; and

(h) That Plaintiff be awarded such other and further relief as this Court may deem equitable and proper.

DATED this 20th day of November, 2006.

GREENBERG TRAURIG, LLP


By: *[signature]*
Steven M. Weinberg
Kimberly A. Warshawsky
Attorneys for Plaintiff Solaris Pharmaceuticals, Inc.

PHX 327708895v1 11/20/2006