**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Solaris Pharmaceuticals, Inc, a Canadian corporation, <br><br> Plaintiff, <br><br> vs. <br><br> Edward S., an individual, G.B.Y. Group Limited, a Maltese company, and Pivotal Partners, Inc., a Canadian corporation, <br><br> Defendants. | Case No. CV06-2804-PHX SMM <br><br> **ORDER** |

Pending before the Court are Plaintiff Solaris Pharmaceuticals, Inc.'s (Solaris) Motion for Leave to Amend its Complaint (Doc. 28), Defendant Pivotal Partners's Motion to Dismiss (Doc. 10), and Defendant G.B.Y. Group Limited's Motion to Dismiss (Doc. 26). After careful consideration, the Court rules the following.

**I.    Motion to Amend**

Pursuant to Fed.R.Civ.P. 15, Plaintiff seeks to amend its First Amended Complaint to (1) add claims against Mark Catroppa, individually and d/b/a Vertical Markets Online, Jane Doe Catroppa, Monty and Jane Doe Sikka, and Manoj and Jane Doe Sikka for their registration and subsequent use of the domain name <www.medisave.com> in their competitive businesses in violation of Solaris' common law rights to the MEDISAVE Mark; (2) properly identify Edward S. as Alexander Fenech, (3) add additional claims against all

Defendants based upon their registration and use of the domain name <medi-save.com> in their competitive businesses in violation of Solaris' common law rights, (4) add factual allegations regarding Pivotal Partners's business activities that are directed toward Arizona, and (5) correct minor errors, namely typographical errors.

Except for amendments made "as a matter of course" or pursuant to stipulation, leave of Court is required to amend a pleading. FED. R. CIV. P. 15(a). Rule 15(a) governs amendments to pleadings and provides that "leave shall be freely given when justice so requires." In the Ninth Circuit, federal policy strongly favors determination of cases on their merits, thus the policy favoring amendment is to be applied by this Court with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003) (*quoting Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001) (*quoting Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)); *see Foman v. Davis*, 371 U.S. 178, 181-82 (1962); *See also Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir.1999) (noting that inferences should be drawn "in favor of granting the motion").

Rule 15(a)'s liberal policy favoring amendments is subject to some limitations. Nevertheless, the granting or denial of leave to amend is within the sound discretion of the Court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir.1996). When evaluating whether to grant leave to amend, the Court considers whether the amendment (1) would cause prejudice to the opposing party; (2) is sought in bad faith or with dilatory motive; (3) is futile; (4) creates undue delay; or (5) comes after repeated failure to cure deficiencies by previous amendment. *Foman*, 371 U.S. at 182; *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir.1997), overruled on other grounds by *Green v. City of Tucson*, 255 F.3d 1086 (9th Cir.2001); *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Here, the Court finds that the considerations weigh greatly in favor of granting Plaintiff's motion. The Court finds that the motion will not cause

1 prejudice to the opposing parties, and is not sought in bad faith or with dilatory motive.
2 Furthermore, it is neither futile nor creates undue delay in the case. Finally, the record
3 clearly indicates that the request does not come after repeated failure to cure any deficiencies
4 by previous amendment. Therefore, Plaintiff's motion will be granted.

5 **II.     Motions to Dismiss**

6 Both Pivotal Partners and G.B.Y. have filed motions to dismiss Solaris's Complaint.
7 However, because the filing of an amended complaint replaces the previous complaint, the
8 Court finds it appropriate to deny the motions with leave to refile. *Armstrong v. Davis,* 275
9 F.3d 849 (9th 2001); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542,
10 1546 (9th Cir. 1989); *Bullen v. De Bretteville*, 239 F.2d 824, 833 (9th Cir. 1956).

11 Accordingly,

12 **IT IS HEREBY ORDERED GRANTING** Plaintiff's Motion for Leave to File a
13 Second Amended Complaint. (Doc. 28).

14 **IT IS FURTHER ORDERED** that Defendant Pivotal Partners's Motion to Dismiss
15 (Doc. 10) is **DENIED** with leave to refile based on the Second Amended Complaint.

16 **IT IS FURTHER ORDERED** that Defendant G.B.Y.'s Motion to Dismiss (Doc. 26)
17 is **DENIED** with leave to refile based on the Second Amended Complaint.

18 DATED this 28th day of June, 2007.

Stephen M. McNamee
United States District Judge

- 3 -